**Reuben M. GINSBERG, et al., Relators,**

v.

**The FIFTH COURT OF APPEALS, et al., Respondents.**

Nos. C–3248, C–3393.

Supreme Court of Texas.

March 6, 1985.

---

Johnson & Swanson, Thomas A. Graves, Dallas, for relators.

Nall, Stagner & Pelley, David M. Stagner, Sherman, for respondents.

GONZALEZ, Justice.

This is a mandamus proceeding brought to contest the authority of the court of appeals to issue a mandamus directing the trial court to cease discovery into certain allegedly privileged matters.

The primary issue is whether a plaintiff has the right to use the psychotherapist-patient privilege offensively to shield information which would be material and relevant to the defendant's defense of claims made against him by the Plaintiff. We disapprove of such a use and conditionally grant the writ.

### Underlying Facts

Reuben M. Ginsberg is an attorney. Over the years, he had done legal work for William M. Gaynier and had been a partner with Gaynier in several business ventures. In 1971, Ginsberg and Gaynier purchased a building. Gaynier owned a 75% interest and Ginsberg owned a 25% interest. After they bought the building, Gaynier died. Ginsberg claims ownership of the building under a January 3, 1972 deed from Gaynier to Ginsberg conveying all of Gaynier's interest to Ginsberg. On March 27, 1972, sixteen days after her husband's death, Mrs. Gaynier signed a deed to "ratify and confirm" the January 3, 1972 deed.

In November, 1981, Mrs. Gaynier filed a trespass to try title suit against Ginsberg and the other relators (hereinafter called Ginsberg) contesting the validity of the two deeds. She claims the first deed was forged. Among other things, Mrs. Gaynier also contends that Ginsberg fraudulently tricked her into signing the second deed. During her deposition, she testified that she could not remember signing the second deed and that she was not aware until 1981 that the ownership of the building had been transferred to Ginsberg. Without objection, Mrs. Gaynier revealed that she had been treated by a psychiatrist in 1972 and subsequent years. Ginsberg sought to gain access to the medical records relating to that treatment. Mrs. Gaynier objected, claiming the records were protected by the psychotherapist-patient privilege under Tex.Rev.Civ.Stat.Ann. art. 5561h. The trial court ordered Mrs. Gaynier to produce the records. After an *in camera* inspection the trial court released the records to Ginsberg, stating in its order that they were likely to be relevant and were discoverable.

The medical records contain information that is materially relevant to, and possibly validates, the statute of limitations defenses asserted by Ginsberg. The medical records show that Mrs. Gaynier told her psychiatrist in August of 1972, "the building was sold while we were in Padre Island."

Ginsberg then sought to depose the psychiatrist. Mrs. Gaynier again objected on the basis of the privilege contained in Tex. Rev.Civ.Stat.Ann. art. 5561h and Tex.R. Evid. 510. The trial court denied Mrs. Gaynier's motion for a protective order, but imposed numerous restrictions on the right to depose the psychiatrist. Mrs. Gaynier ultimately petitioned the Fifth Court of Appeals to issue a writ of mandamus denying Ginsberg the right to depose the psychiatrist and the court of appeals did so. *Gaynier v. Johnson*, 673 S.W.2d 899 (1984). The psychiatrist died before the court of appeals considered Ginsberg's motion for

rehearing. The court of appeals dismissed the pending mandamus proceeding, yet refused Ginsberg's request that its opinion be withdrawn. Ginsberg then filed a petition for writ of mandamus in this court relating to the actions and opinion of the court of appeals.

Later Ginsberg sought to authenticate the medical records by deposing the custodian, the doctor's secretary. Faced with the appellate opinion in the first mandamus proceeding, the trial court denied Ginsberg the right to depose the custodian. Ginsberg pursued a petition for writ of mandamus in the Fifth Court of Appeals and was denied relief. *Ginsberg v. Johnson*, 673 S.W.2d 942. He now seeks review of the actions of the Fifth Court of Appeals by a second petition for writ of mandamus. The two petitions for writ of mandamus will be considered jointly.

The proceeding in this court is an original mandamus proceeding. Tex.Rev.Civ. Stat.Ann. art. 1733 authorizes this court to issue writs of mandamus to appellate courts as well as to other entities. Therefore, this court has jurisdiction to review the issuance of the writ of mandamus by the court of appeals, to determine if that issuance constituted a clear abuse of discretion. *Jampole v. Touchy*, 673 S.W.2d 569 (Tex.1984).

### Privilege

Ginsberg contends that the court of appeals abused its discretion in allowing Mrs. Gaynier to maintain this action and also shield relevant and damaging information behind the curtain of an asserted privilege. We agree.

■ Mrs. Gaynier claims that the information Ginsberg seeks is protected by the psychotherapist-patient privilege. Tex.R. Evid. 510. This privilege, like the related physician-patient privilege, did not exist at common law. 8 J.H. Wigmore, Evidence in Trials at Common Law § 2380 (McNaughton rev. 1961); C. McCormick, Evidence § 98 (3rd ed. 1984); Comment, *The Psychotherapist-Patient Privilege in Texas*, 18 Hous.L.Rev. 137 (1980). The justification for this privilege lies in the policy of encouraging the full communication necessary for effective treatment of a patient by a psychotherapist. C. McCormick § 72. The protection against disclosure of confidences is primarily erected to protect the patient against an invasion of his privacy. *Ex Parte Abell*, 613 S.W.2d 255 (Tex.1981).

■ Mrs. Gaynier, however, occupies a different position in relation to the privilege she attempts to assert. She has invoked the jurisdiction of the courts in search of affirmative relief against Ginsberg; yet she would attempt, on the basis of privilege, to deny Ginsberg the benefit of evidence which would materially weaken or defeat her claims against him. This is an offensive, rather than defensive, use of the privilege, and it lies outside the intended scope of Tex.R. Evid. 510 and its predecessor, Tex.Rev.Civ.Stat.Ann. art. 5561h.

In *Henson v. Citizens Bank of Irving*, 549 S.W.2d 446 (Tex.Civ.App.—Eastland 1977, no writ), the plaintiff sought to avoid certain questions put to him in discovery by asserting the privilege against self-incrimination guaranteed by the Fifth Amendment to the United States Constitution. The court recognized the plaintiff's fundamental right to assert the privilege, but noted that he "may be forced to elect whether to claim his privilege or abandon his claim" based on principles of fundamental fairness. *Id.* at 448. Other jurisdictions also prohibited a plaintiff from using the Fifth Amendment privilege against self-incrimination as an offensive weapon. *See Baker v. United States*, 722 F.2d 517 (9th Cir. 1983); *Lyons v. Johnson*, 415 F.2d 540 (9th Cir.1969) *cert. denied*, 397 U.S. 1027, 90 S.Ct. 1273, 25 L.Ed.2d 538 (1970). *Pavlinko v. Yale-New Haven Hosp.*, 192 Conn. 138, 470 A.2d 246 (1984); *Minor v. Minor*, 240 So.2d 301 (Fla.1970); *Master v. Savannah Surety Associates, Inc.*, 148 Ga.App. 678, 252 S.E.2d 186 (1979); *Galante v. Steel City National Bank of Chicago*, 66 Ill.App.3d 476, 23 Ill.Dec. 421, 384 N.E.2d 57 (1978); *Christenson v. Christenson*, 281 Minn. 507, 162 N.W.2d 194 (1968); *Frank-*

*lin v. Franklin,* 365 Mo. 442, 283 S.W.2d 483 (1955); *Mahne v. Mahne,* 124 N.J.Super. 23, 304 A.2d 577 (1973); *Pulawski v. Pulawski,* R.I., 463 A.2d 151 (1983).

 "A plaintiff cannot use one hand to seek affirmative relief in court and with the other lower an iron curtain of silence against otherwise pertinent and proper questions which may have a bearing upon his right to maintain his action." *Pavlinko,* 470 A.2d at 251. This theory has also been applied in cases involving privileges other than the Fifth Amendment. *See Mull v. String,* 448 So.2d 952, 954 (Ala. 1984) (physician-patient, health put into issue); *Bond v. Dist. Ct. In and For Denver City,* 682 P.2d 33 (Colo.1984) (physical or mental condition put into issue); *Clark v. District Court, 2nd Judicial District,* 668 P.2d 3 (Colo.1983) (physical or mental condition put into issue); *Sagmiller v. Carlsen,* 219 N.W.2d 885 (N.D.1974) (physician-patient); *Mattison v. Poulen,* 134 Vt. 158, 353 A.2d 327 (1976) (physician-patient privilege, physical and mental health put into issue). We find these cases, and those involving the Fifth Amendment, persuasive.

This holding, however, should not be construed as granting license to litigants to engage in "fishing expeditions" into privileged matters. A similar issue was before the court in *West v. Solito,* 563 S.W.2d 240 (Tex.1978). In *West,* we did not reach the merits of the argument because the evidence in question was not before the trial court. In the instant case, the medical records have been examined *in camera* by the trial court and found to be relevant to the subject matter of this suit.

■ The admission of evidence and the scope of discovery largely rests within the discretion of the trial court. The trial court was properly within its discretion when it deemed Mrs. Gaynier's medical records discoverable. The court of appeals, therefore, abused its discretion by ordering the trial court to refrain from further discovery pertaining thereto, for the denial of proper discovery constitutes a "clear abuse of discretion." *Jampole,* 673 S.W.2d at 572.

We do not address the waiver issues raised by Ginsberg.

■ We conditionally grant Ginsberg's writ of mandamus. If the court of appeals does not withdraw its order of mandamus, thus permitting the trial judge to make an independent determination of the discoverability and admissibility of the medical records in question, writ will issue.